**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 25-2127**

_____

LUCY TANTOH TAKU,

        Petitioner,

    v.

TODD BLANCHE, Acting Attorney General,

        Respondent.

_____

On Petition for Review of an Order of the Board of Immigration Appeals.

_____

Submitted:  April 13, 2026                        Decided: July 21, 2026

_____

Before WYNN and RICHARDSON, Circuit Judges, and KEENAN, Senior Circuit Judge.

_____

Petition denied by unpublished per curiam opinion.

_____

**ON BRIEF:**  Steffanie Jones Lewis, THE INTERNATIONAL BUSINESS LAW FIRM PC, Washington, D.C., for Petitioner. Brett A. Shumate, Assistant Attorney General, Anthony C. Payne, Assistant Director, Jennifer A. Bowen, Trial Attorney, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lucy Tantoh Taku, a native and citizen of Cameroon, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing her appeal from an immigration judge ("IJ")'s decision denying her applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We deny the petition for review.

When the Board adopts or supplements an IJ's decision, this Court "review[s] both decisions." *Diaz v. Blanche*, 173 F.4th 499, 505 (4th Cir. 2026). We review legal conclusions de novo and factual findings for substantial evidence. *Cordova v. Holder*, 759 F.3d 332, 337 (4th Cir. 2014). Under this standard, "even if the record plausibly could support two results: the one the IJ chose and the one the petitioner advances, reversal is only appropriate where the court finds that the evidence not only supports the opposite conclusion, but compels it." *Marquez v. Bondi*, 160 F.4th 418, 426 (4th Cir. 2025) (quoting *Tang v. Lynch*, 840 F.3d 176, 180 (4th Cir. 2016)).

First, Taku argues that the IJ failed to consider the totality of the circumstances in making an adverse credibility determination. "An adverse credibility determination is supported by substantial evidence so long as the record as a whole supports it by 'more than a mere scintilla' of evidence." *Ayala-Osegueda v. Garland*, 92 F.4th 220, 227 (4th Cir. 2024) (quoting *Herrera-Alcala v. Garland*, 39 F.4th 233, 245 (4th Cir. 2022)). Since the IJ offered numerous cogent reasons to support the finding, there is substantial evidence to support the adverse credibility determination. *See Munyakazi v. Lynch*, 829 F.3d 291, 298 (4th Cir. 2016) (explaining that "[o]missions, inconsistent statements, contradictory

2

evidence, and inherently improbable testimony are appropriate bases for making an adverse credibility determination").

Second, Taku argues that, regardless of the adverse credibility finding, there is sufficient corroborating evidence to support her asylum claim. Taku submitted affidavits and letters from friends and family. But the Board provided cogent reasons for discrediting this evidence, and those reasons are supported by the record. Taku's other evidence falls short of establishing a cognizable claim of past persecution or a fear of future persecution. Therefore, Taku has failed to independently verify her claims.

Third, Taku argues against the denial of her CAT claim. But an IJ cannot find an applicant and her documents incredible for one purpose and rely on them for another. *Zuh v. Mukasey*, 547 F.3d 504, 513 (4th Cir. 2008). Accordingly, because the Board's adverse credibility and corroborating evidence findings are supported by substantial evidence, Taku has failed to meet her burden to sustain her claim for protection under CAT since each claim rests on the same set of facts.

Finally, Taku argues that she received ineffective assistance of counsel. However, Taku failed to satisfy any of the three requirements set forth in *Matter of Lozada* to support such a claim. *See Barry v. Gonzales*, 445 F.3d 741, 745–46 (4th Cir. 2006) (citing *Matter of Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988)). Therefore, she is not "in substantial compliance" with that test, and we will not reach the merits of her claim. *Id.* at 746.

3

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*

4